IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNIFER BRIDGES, GUARDIANS OF MEDICAL CHOICE, VICENTE SUAREZ, BREANN EMSHOFF, AMANDA LOFTON, BRETT COOK, STEFANIE MARTINEZ, DEANNA CONWAY, TAMEKA CLARK, KATHY TOFTE, DEREK TREVATHAN, DINA AMAYA, AMANDA RIVERA, MANDY SISTO, AQUARIUS GRADY, CEDRICK GREEN, NICOLESMITH, PAIGE THOMAS, GERARDO GARZA, CERANISE ALCINDOR, KAYLAN TIMMONS, SCOTT ANDERSON, EMILEE SMITH, SHELBY THIMONS, THOMAS MULKEY, MARIA RODRIGUEZ, AVERI REED, AMANDA CASTRO, BECKY MELCER, TANISHA HATCHET, TALISHA SMITH SHAYNA LINCOLN, KARA SHEPHERD, STACEY MARTINEZ, BRIAN MATTHEWS, ROSEMARIE ALDAYA, SANDRA ALTAMIRANO, JUDITH ANDRIKO, MARY APACWAY, DAJUANA ARMSTRONG, EDNA BARRERA, DEBRA BAUGH, LATRICIA BLANK JAMES BORJE, LAURA BOWDEN, SAVANNAH BRAZIL, JOHN BROCKUS, KATHERINE BROL, MONIKA BURY, PATRICK CHARLES, BRIAN CLEGG, SHERRY COLBERT, JOANN CRUMP-CREAMER, ZORETTA CURRY, JULIE DeTORRE, SIERRA DOCKRAY, STEPHANIE DUNLAP, J.MANUEL ELIZONDO, CELINA ELVIR, BRIAN FELGERE, ELIZABETH FLORES, REBEKA FONTENOT, MICHELLE FUENTES, ASHTON HANLEY, TARA HANSEN, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

| | |
|---|---|
| STACEY HANZELKA, STARLA HAUGENATER, PHILIP HERIN, SHAUNA HERIN, JADE HERNANDEZ, LUISHERNANDEZ, STEPHANIE HILTON, SHARON HOLLIER, WALTER INFANTES, DANA JANOCH, JASON JIMENEZ, JOHN LASSEIGNE, ASHLEE LEON-LEWIS, BENNIE LOPEZ, JAMES McCANN, ROGELIO MENDEZ, JR., KIMBERLY MIKESKA, YOLUNDA MILTON, AHMED MONTGOMERY, ROBERT MORIN, BRADY NESBIT, BOB NEVENS, LINDA PICKARD, McKENLI PINKNEY, JONAE POWELL, JUAN RAMIREZ, KIMBERLY RENSI, PEEJAYE ROBINS , BETTY SAMUEL, DIANA SANCHEZ, GIOVANNI SAVANS, LEEVETRA SEALS, MARIA SERRANO,   FREENIA STEWART, KARENE TANNER, KELLY TATE, MARIA TREVINO, TERAH TREVINO, CHRLES VARGHESE, BRANDI VINCENT, MATHEA VOLESKY, JENNIFER WARREN, ALEXANDRA WILLIAMS, KAREN WITT, KIDIST WOLDERGABRIEL, LATASHA WOODS, KATIE YARBER and RICARDO ZELANTE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE METHODIST HOSPITAL D/B/A THE METHODIST HOSPITAL SYSTEM and HOUSTON METHODIST THE WOODLANDS HOSPITAL,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____ |

# DEFENDANTS' JOINT NOTICE OF REMOVAL

Subject to and without waiving any defenses or objections to the Original Petition filed in state court, Defendants The Methodist Hospital d/b/a Houston Methodist Hospital and Houston Methodist The Woodlands Hospital (collectively "Houston Methodist") hereby file this Joint Notice of Removal to remove this action to federal court under 28 U.S.C. § 1441(a) and (c) and 28 U.S.C. § 1331. In support of their Joint Notice of Removal, Houston Methodist respectfully represents the following:

1. This action was original filed on April 10, 2023 in the 284th Judicial District Court of Montgomery County, Texas under Cause No. 23-04-05209.[1]

2. Houston Methodist has timely filed this Notice of Removal within thirty (30) days after receipt of Plaintiff's Original Petition.[2]

3. All defendants are represented by the same counsel and all defendants consent to removal.[3]

4. The district courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[4]

5. In this case, some of the one hundred thirteen (113) Plaintiffs allege that they "have been terminated from their jobs" and "others are in imminent and immediate danger of being terminated from their jobs for exercising their federally protected right to refuse

---

[1] *See* Plaintiffs' Original Petition, attached as Exhibit "A."
[2] *See* Ex. A; 28 U.S.C. 1446(b)(1).
[3] *See* 28 U.S.C. § 1446.
[4] *See* 28 U.S.C. § 1331.

voluntary participation in an investigational new drug without incurring a penalty or losing a benefit to which they are otherwise entitled", based on their refusal to take the vaccine mandated by Houston Methodist pursuant to the United States Food and Drug Administration's ("FDA") Emergency Use Authorizations ("EUAs") in response to the coronavirus disease 2019 ("COVID-19") pandemic.[5]

6. Plaintiffs' requested relief necessarily requires the Court to construe federal statutes and authority. Plaintiffs also allege that Houston Methodist, by its vaccine policy, violated Plaintiffs' First Amendment right to free exercise of religion. Further, Plaintiffs assert that Houston Methodist "willfully violated their duties to protect the health and rights of individuals under their care" by failing to comply with (1) alleged legal obligations set by the Institutional Review Board, which was formalized by Congress's National Research Act;[6] (2) Federal Wide Assurance Agreement, FWA00000438, to "not place individuals under outside pressure to participate in unlicensed medical products";[7] (3) COVID-19 PREP Act declaration 85 F.R. 15198, as issued by the U.S. Health and Human Services Secretary;[8] (4) Congressionally enacted Project Bioshield, 21 U.S.C § 360bbb-3;[9] (5) Centers for Disease Control and Prevention Preferred Provider COVID-19 agreement,[10] and (6) "the legal right conferred

---

[5] *See* Ex. A, at p. 24.

[6] *See* Ex. A, at p. 14.

[7] *See* Ex. A, at pp. 14, 17.

[8] *See* Ex. A, at pp. 14, 19.

[9] *See* Ex. A, at p. 14.

[10] *See* Ex. A, at p. 14.

4

upon individuals by an act of Congress to accept or refuse the administration of an EUA drug, biologic, or medical device free from outside interference."[11]

7. Further, among other allegations, Plaintiffs also claim that Houston Methodist: subjected them, "under threat of penalty, to clinical research drug participation in violation of federal and state laws, agency regulations, and contractual obligations (*e.g.*, FWA, IRB, Covid CDC contract)," which "items denote 'duties' of management for the protection of the Plaintiffs;"[12] violated a "legally binding agreement between the individual, healthcare provider, and federal, state, and local governments (due to PREP act declaration);"[13] "interfered with" legal obligations of the PREP Act;[14] acted outside the scope of authorization allowed by Congress under the EAU;[15] and "engaged in fraudulent misrepresentation by 'promoting' available EUA drugs" in a manner prohibited by 21 C.F.R. § 312.7(a).[16]

8. As relief, Plaintiffs request the Court declare that "federal laws and regulations do not permit Defendants to coerce an employee to accept an FDA unapproved vaccine on penalty of termination or other sanctions."[17]

9. Clearly, Plaintiffs' claims require construction of federal statutes and regulations, and specifically are premised on Houston Methodist's alleged violations of federal law, including but not limited to COVID-19 PREP Act declaration 85 F.R. 15198, 21 U.S.C §

---

[11] *See* Ex. A, at p. 14.

[12] *See* Ex. A, at p. 22.

[13] *See* Ex. A, at p. 23.

[14] *See* Ex. A, at p. 23.

[15] *See* Ex. A, at p. 23.

[16] *See* Ex. A, at p. 23.

[17] *See* Ex. A, at pp. 26-27.

360bbb-3, and 21 C.F.R. § 312.7. Plaintiffs seek the Court make declarations concerning Houston Methodist's authority and liability under these federal provisions. Furthermore, Plaintiffs expressly seek declaratory relief that federal law preempts Defendants' policy at issue in this case.

10. Removal of this case to the United States District Court for the Southern District of Texas, Houston Division is proper because such district and division embraces Montgomery County, Texas, where the state court action was filed.[18]

11. As required under 28 U.S.C. § 1446(d), after filing this notice, Houston Methodist will promptly file a copy of this Notice of Removal with the clerk of the state court where this action is pending and provide written notice to all adverse parties.

12. Under Local Civil Rule 81,[19] Houston Methodist has attached Plaintiffs' Original Petition,[20] an index of all matters being filed,[21] the docket sheet,[22] and a list of all counsel of record, including addresses, telephone numbers, and parties represented.[23]

Respectfully submitted,

By: */s/ Daniel Patton*
Daniel Patton
S.D. Tex. Admission No.: 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

---

[18] *See id.*; 28 U.S.C. § 1441(a).

[19] *See* S.D. TEX. L. CIV. R. 81.

[20] *See* Ex. A.

[21] *See* Index of All Matters Being Filed, attached as Exhibit "B."

[22] *See* Docket Sheet, attached as Exhibit "C."

[23] *See* List of All Counsel of Record, attached as Exhibit "D." Defendants do not believe there are any executed process or signed orders in the state court proceeding.

ATTORNEY IN CHARGE FOR
DEFENDANTS

OF COUNSEL:

**Michael K. Burke**
S.D. Tex. Admission No.: 24356
Texas State Bar No. 24012359
mburke@scottpattonlaw.com
**Kirby Lodholz**
S.D. Tex. Admission No.: 1055345
Texas State Bar No. 24070188
klodholz@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

## CERTIFICATE OF SERVICE

I certify that on May 8, 2023, a true and correct copy of foregoing was served on all counsel of record by the Court's ECF filing system.

*/s/ Daniel Patton*
Daniel Patton
